JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO MALIK AYALA,<br><br>Petitioner,<br><br>v.<br><br>PRESIDING JUDGE OF THE SUPERIOR COURT,<br><br>Respondent. | Case No. CV 18-4003 CJC (MRW)<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE** |

The Court summarily dismisses Petitioner's habeas action as unexhausted and for failure to state a recognizable cause of action.

\* \* \*

1. Petitioner Ayala is a pretrial inmate in the Los Angeles County Jail. He filed a petition seeking federal habeas corpus relief under 28 U.S.C. § 2254.

2. According to the petition, Petitioner has been declared incompetent to stand trial on charges of assault, trespassing, and resisting arrest. (Petition at 2-3.) However, in his habeas petition, Petitioner asserts that he "is competent to stand trial." (Id. at 5.) He also brings conclusory allegations that the charges

against him lack evidence, he's been misidentified, and that his prosecution is "outside of federal mandates as to timing for trial." (Id. at 5-6.)

3. The petition acknowledges that Mr. Ayala has not sought relief for his claims in any state court. Rather, after pursuing jail grievances, Petitioner filed this action in federal court instead of with the state supreme court. (Id. at 3.)

4. The Court takes judicial notice of Petitioner's previous habeas and civil rights actions in this federal court. Ayala v. Presiding Judge, No. CV 16-5487 CJC (MRW) (C.D. Cal.) (habeas action dismissed as moot); Ayala v. Presiding Judge, No. ED CV 13-991 CJC (MRWx) (C.D. Cal.) (habeas action dismissed as moot); Ayala v. San Bernardino County Sheriff's Dep't, No. ED CV 14-947 CJC (MRW) (C.D. Cal.) (civil rights action dismissed on qualified immunity grounds).

\* \* \*

5. If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss a habeas action without ordering service on the responding party. 28 U.S.C. § 2243; see also Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

6. Petitioner concedes in his petition that he has not presented or properly exhausted his claims in the state court system. To obtain habeas relief under Section 2254, a prisoner must allege that he is in custody due to a state court judgment in violation of the federal constitution. Under federal habeas law, a prisoner must exhaust all claims as a prerequisite to a federal court's

consideration of a habeas corpus petition. 28 U.S.C. § 2254(b)(1)(A); Kyzar v. Ryan, 780 F.3d 940, 946 (9th Cir. 2015). Exhaustion occurs when a prisoner fairly presents those claims to the state's highest court. Rose v. Lundy, 455 U.S. 509 (1982); Duncan v. Henry, 513 U.S. 364, 370 (1995). Because Petitioner admits that he has not presented his claims in the California Supreme Court, this federal court cannot hear his unexhausted petition.

7. Moreover, to the extent that Petitioner complains about the state trial court's decision that he is not mentally competent to stand trial, he cannot seek review of that grievance in this Court. A federal court does not act as a super-appellate court regarding ongoing state criminal cases. Instead, a federal court must abstain from interfering with the state judicial process. Younger v. Harris, 401 U.S. 37 (1971); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Doe & Associates Law Offices v. Napolitano, 252 F.3d 1026, 1029-30 (9th Cir. 2001) (if "the district court must hold that the state court was wrong in order to find in favor of the plaintiff," then the litigant "is essentially asking the district court to review the state court's decision, which the district court may not do").

8. Finally, Petitioner's cursory complaints about his detention and the ongoing criminal case are insufficient to allege a cognizable violation of the federal constitution. Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); Castillo v. McFadden, 399 F.3d 993, 1002 (9th Cir. 2005) (petition alleging "conclusory, scattershot" claims "divorced from any articulated federal legal theory" insufficient to state cause of action for federal habeas relief).

9. Given the posture of the state criminal case and Petitioner's litigation history in this Court, it is clear that Petitioner cannot properly proceed with this habeas action. For the reasons stated above, the present action is hereby DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: May 22, 2018

_____
HON. CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE